# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>    Plaintiff,<br><br> v.<br><br>CLARK,<br><br>    Defendant. | Case No. 1:22-cv-01005-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 4)<br><br>**FOURTEEN (14) DAY DEADLINE** |

  Plaintiff Lyralisa Lavena Stevens, ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 11, 2022, (ECF No. 1), and on August 18, 2022, filed a motion to proceed *in forma pauperis* together with a certified copy of her trust account statement, (ECF No. 4).

  Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that her allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In the complaint, Plaintiff alleges that she is a transgendered female, and on April 19, 2022, Defendant Dolores Clark repeatedly misgendered her and read Plaintiff's protected medical documents out loud to another nurse, violating HIPAA and Plaintiff's right to privacy. Plaintiff alleges that as a result of Defendant Clark's actions, she suffered anxiety, severe depression, and worsening of her chronic weight loss condition. (ECF No. 1.)

"Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

Plaintiff alleges that she was repeatedly misgendered by Defendant Clark on April 19, 2022, and as a result she suffered anxiety, severe depression, and worsening of her chronic weight loss condition. However, Plaintiff does not allege that she continued to experience further instances of misgendering or disclosure of her medical records by Defendant Clark after that date, or that she otherwise faced any risk of serious physical injury as a result of Defendant Clark's actions or inactions.

///

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Stevens v. Dickinson*, Case No. 5:09-cv-01965-UA-OP (C.D. Cal.) (dismissed on November 20, 2009 for failure to state a claim); (2) *Stevens v. Vimal*, Case No. 2:12-cv-00239-GEB-KJN (E.D. Cal.) (dismissed on September 4, 2013 as barred by *res judicata*); (3) *Stevens v. Beard*, Case No. 1:17-cv-01002-AWI-SAB (E.D. Cal.) (dismissed on March 28, 2019 for failure to state a claim and as barred by *res judicata*); (4) *Stevens v. Becerra*, Case No. 1:21-cv-00346-DAD-JLT (E.D. Cal.) (dismissed on September 20, 2021 as frivolous). Dismissals of cases as duplicative or barred by *res judicata* are considered dismissed as frivolous or malicious if filed by a plaintiff proceeding *in forma pauperis*. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

Accordingly, Plaintiff has failed to allege that she was in any imminent danger of serious physical injury at the time the complaint was filed. Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if she wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 4), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 19, 2022**          /s/ Barbara A. McAuliffe          
                                                              UNITED STATES MAGISTRATE JUDGE