UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS, | Case No. 1:22-cv-01005-ADA-BAM (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED |
| v. | |
| CLARK, | |
| Defendant. | (ECF Nos. 4, 6) |
| | **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Lyralisa Lavena Stevens is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 19, 2022, the assigned Magistrate Judge issued findings and recommendations suggesting that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $402.00 filing fee in full to proceed with this action. (ECF No. 6.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) Plaintiff timely filed objections to the findings and recommendations on August 31, 2022. (ECF No. 9.) Plaintiff raises several arguments in her objections.

First, Plaintiff contends that in another pending action, *Stevens v. Robinson*, Case No.

1:22-cv-00742-EPG (PC),[1] the Magistrate Judge did not count *Stevens v. Mal* (referred to as *Stevens v. Vimal* in the pending findings and recommendations in the instant action), *Stevens v. Beard*, or *Stevens v. Becerra* as strikes, in part because the *Beard* and *Becerra* cases are pending reversal before the Ninth Circuit Court of Appeals. Plaintiff is mistaken. The Magistrate Judge in *Robinson* specifically found that the *Mal*, *Beard*, and *Becerra* cases counted as strikes. *Stevens v. Robinson*, Case No. 1:22-cv-00742-ADA-EPG (PC), Findings and Recommendations at ECF No. 5, pp. 2–4. The assigned District Judge then rejected Plaintiff's contention that *Mal* and *Beard* should not qualify as strikes, adopted the findings and recommendations, and ordered Plaintiff to pay the filing fee to proceed in that action. *Id.*, Order Adopting Findings and Recommendations at ECF 7.

Notwithstanding the treatment of these dismissals by the court in *Robinson*, Plaintiff has mischaracterized the procedural posture of the appeals before the Ninth Circuit. First, the Ninth Circuit affirmed the *Mal* decision on June 8, 2015. *Stevens v. Mal*, Case No. 1:12-cv-00239-GEB-KJN, USCA Mandate Affirming Decision of District Court, ECF No. 51. Second, the Ninth Circuit dismissed the appeal in *Becerra* on December 7, 2021 due to Plaintiff's failure to prosecute. *Stevens v. Becerra*, Case No. 1:21-cv-00346-DAD-JLT, USCA Order at ECF No. 18. Neither of these cases are "pending reversal in the Ninth Circuit. Finally, while the appeal of *Beard* remains pending at the Ninth Circuit, *Stevens v. Beard*, Case No. 1:17-cv-01002-AWI-SAB, USCA Order Setting Briefing Schedule at ECF No. 48, "a prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).

Plaintiff next argues that she should be permitted to proceed *in forma pauperis* due to her indigency. This is not relevant to a consideration of whether Plaintiff is subject to 28 U.S.C. § 1915(g), or whether she meets the imminent danger exception to section 1915(g).

Plaintiff then appears to request recusal of the assigned Magistrate Judge due to the use of the pronoun "his" on page 2, line 11 of the findings and recommendations. Plaintiff argues that by

---

[1] In her objections, plaintiff incorrectly cites to this matter as 1:22-cv-00743-EPG (PC).

using the wrong pronoun, the Magistrate Judge has falsified Plaintiff's gender and may not be able to act fairly and impartially in this matter.  In light of the Magistrate Judge's correct usage of Plaintiff's preferred pronouns throughout the remainder of the findings and recommendations, the Court does not find that a single instance of misgendering, which appears to be a clerical error, supports recusal at this time.  To the extent Plaintiff raises examples of other magistrate judges misgendering her in orders issued in other pending actions, those arguments are not relevant to whether recusal is appropriate in this matter.

Finally, Plaintiff contends that a grant of *in forma pauperis* status in this action is necessary to protect her health, as she suffers from a brain tumor which has regrown due to "the oxidative stress imparted from numerous defendants who mistreat Plaintiff throughout all of the cases filed in this Court, as she awaits the surgical curative Jeffrey Beard won't allow," and that these circumstances satisfy the imminent danger of serious physical injury requirement.  (ECF No. 9, p. 5.)  Plaintiff refers to exhibits attached to her objections in support of the contention that her brain tumor has regrown due to repeated denials of her curative surgery, as well as the misgendering and gender hate based treatment of Defendant Clark.  (*Id.*)  Plaintiff requests that the Court take judicial notice of these exhibits pursuant to Federal Rule of Civil Procedure 201.  (*Id.* at 7.)

The exhibits attached to Plaintiff's objections, which appear to be medical records, do not contain the type of facts that are judicially noticeable.[2]  Nevertheless, as the case remains at the pleading stage the Court will accept the contents of these documents as true for purposes of considering Plaintiff's motion to proceed *in forma pauperis*.

While the exhibits confirm Plaintiff's diagnosis of gender dysphoria, (ECF No. 9, pp. 13–14), the Court can find no support for the contention that Plaintiff's tumor has regrown due to oxidative stress or misgendering.  Rather, the records state that it is the belief of Andrew T. Parsa, M.D., Ph. D., that Plaintiff developed a meningioma (tumor) due to ten years of hormone therapy,

---

[2] Federal Rule of Evidence 201(b) provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Civ. 201(b).

and that the number one risk of continuing her hormone therapy would be recurrence and/or development of other meningiomas. (*Id.* at 11.) There is no mention of oxidative stress in any of the attached exhibits.

To the extent Plaintiff is arguing that she is in imminent danger of serious physical injury due to a refusal to provide gender affirming surgery, in lieu of continued hormone therapy, these allegations are beyond the scope of the instant action. As discussed in the Magistrate Judge's findings and recommendations, the complaint alleges that Defendant Clark repeatedly misgendered Plaintiff and read her protected medical documents out loud to another nurse, in violation of HIPAA and Plaintiff's right to privacy. (ECF No. 6, p. 2.) Plaintiff does not allege that Defendant Clark has any authority over Plaintiff's medical treatment, and Plaintiff seeks only damages, but no injunctive relief, from Defendant Clark. (*See* ECF No. 1, p. 7.)

Plaintiff may not combine the actions of multiple defendants from multiple pending lawsuits to meet the imminent danger exception in this action. "[I]n order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Any danger created by the actions of other individuals is not "fairly traceable" to the conduct of Defendant Clark alleged in the complaint, and a resolution of this action would not redress the danger faced by Plaintiff due to the actions of individuals named in other pending suits.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on August 19, 2022, (ECF No. 6), are adopted in full;
2. In accordance with 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis*, (ECF No. 4), is denied; and

3. Within **twenty-one (21) days** following the date of service of this order, Plaintiff shall pay the $402.00 filing fee in full to proceed with this action. If Plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated: September 23, 2022

UNITED STATES DISTRICT JUDGE